IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM RANDOLPH POWELL, | No.  2:23-CV-0875-KJM-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Moirara, Correctional Officer; (2) Lively, Sergeant; (3) Jeff Lynch, Warden; (4) John Doe #1, Correctional Officer; (5) John Doe #2, Correctional Officer; (6) John Doe #3, Correctional Officer; (7) John Doe #4, Correctional Officer; (8) John Doe #5, Lieutenant. See ECF No.1, pgs. 3-4. Plaintiff indicates that the above-mentioned Defendants are being sued in their official and individual capacities.  See id., pg. 4.  Plaintiff claims that Defendants violated his rights under the Eighth Amendment.  See id.

Plaintiff is an inmate at the California Medical Facility. See id., pg. 1.  On January 22, 2022, Plaintiff experienced suicidal ideations. See id., pg. 6. Plaintiff contends that he notified an "IAC/MAC" representative, who then subsequently informed Defendant John Doe #1 of Plaintiff's condition. See id. Plaintiff then alleges that Defendant John Doe #1 walked over and appeared to speak with Defendants Moirara and John Doe #2 for one to two minutes. See id. Plaintiff waited for approximately five to fifteen minutes, and then proceeded to swallow four bottles of "over-the-counter" medication, including Naproxen, Aspirin, and Benadryl. See id. Plaintiff states that he lost consciousness after fifteen minutes. See id.

Plaintiff contends that he woke up approximately one to two hours later. See id., pg. 7. Plaintiff then states that he saw Defendant John Doe #2 standing at his door and requested that he take Plaintiff to receive medical treatment. See id.  Plaintiff alleges that he blacked out and vomited several times while walking to the medical facility. See id.

///

2

1  Plaintiff argues that Defendant John Doe #1 was deliberately indifferent to his
2  serious medical needs when he made an intentional decision not to call an emergency code or
3  assign correctional officers to check on Plaintiff, despite knowing that Plaintiff was experiencing
4  suicidal ideations. See id., pg. 7.

5  Plaintiff also argues that Defendants Moirara and John Doe #2 were deliberately
6  indifferent to his serious medical needs when they made an intentional decision "…to break
7  protocol and deny [Plaintiff] mental health treatment by leaving [Plaintiff] in [his] cell to act on
8  the suicidal ideations…." See ECF No.1., pg. 8.

9  Plaintiff contends that he was told later that several officers, including Defendants
10 Lively, Moirara, John Doe #2, John Doe #3, and John Doe #4, opened Plaintiff's cell door and
11 left him unresponsive on his bed for an unknown amount of time. See id. Plaintiff argues that the
12 above-mentioned Defendants should have called for an emergency extraction once they found
13 Plaintiff unresponsive in his cell. See id. Plaintiff specifically argues that Defendant Lively made
14 a deliberate decision to ignore Plaintiff's condition and refuse medical treatment or assessment.
15 See id.

16 Next, Plaintiff argues that Defendant John Doe #5 was deliberately indifferent to
17 Plaintiff's serious medical needs when he or she failed to call for medical treatment after being
18 informed of Plaintiff's condition by Defendant Lively. See id., pg. 9.

19 Last, Plaintiff argues that Defendant Warden Lynch knowingly placed
20 irresponsible officers in positions of authority. See id., pgs. 9-10. Specifically, Plaintiff argues
21 that Defendant Lynch "…placed irresponsible, negligent CO's on the yard and in supervisory
22 roles, which ultimately led to [Plaintiff's] harm and almost loss of life." Id., pg. 10.

23 In his claim for relief, Plaintiff seeks an immediate transfer to a level three prison,
24 as well as a declaration and apology from Defendants. See id., pg. 13. Plaintiff also seeks
25 monetary and punitive damages from each Defendant. See id.
26 / / /
27 / / /
28 / / /

## II.  DISCUSSION

### A.  Deliberate Indifference

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511 U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511 U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually

knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Plaintiff presented a substantial risk of serious harm through alerting prison staff of suicidal ideation; staff knew of and disregarded the ideation. See ECF No. 1 at 7. Staff also did not act after observing Plaintiff after his suicide attempt. Id. at 8. Plaintiff pleaded cognizable deliberate indifference claims.

### B. Supervisor Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

/ / /

/ / /

5

Because Plaintiff does not allege Warden Lynch had any personal involvement with the incident, the complaint does not present a cognizable claim against Warden Lynch.  See ECF No. 1 at 9.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  August 7, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6