1

2

3

4

5

6

7

8                     **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ADAM RANDOLPH POWELL,                    No.  2:23-CV-0875-KJM-DMC-P

12              Plaintiff,

13         v.                                  FINDINGS AND RECOMMENDATIONS

14    MOIRARA, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss. See ECF No. 21.

19    Defendants argue that Plaintiff's allegations, even if taken as true, fail to state a claim under

20    Federal Rule of Civil Procedure 12(b)(6). See id. Plaintiff has filed an opposition. See ECF No.

21    25. Defendants have filed a reply. See ECF No. 28.

22              In considering a motion to dismiss, the Court must accept all allegations of

23    material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

24    Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

25    v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

26    738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

27    ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

28    395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

1  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

2  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

3  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

5  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

6  notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

7  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

8  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

9  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

10  allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

11  complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id.  at

12  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

13  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14  Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

15  it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

16  Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

17  defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

18  to relief."  Id. (quoting Twombly, 550 U.S. at 557).

19  In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

20  outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

21  Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

22  documents whose contents are alleged in or attached to the complaint and whose authenticity no

23  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

24  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

25  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

26  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

27  1994).

28  / / /

1    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

2  amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

4

5                                    **I.  BACKGROUND**

6        A.       **Plaintiff's Allegations**

7              This action proceeds on Plaintiff's original complaint.  Plaintiff names the

8  following as defendants: (1) Moirara, Correctional Officer; (2) Lively, Sergeant; (3) Jeff Lynch,

9  Warden; (4) John Doe #1, Correctional Officer; (5) John Doe #2, Correctional Officer; (6) John

10 Doe #3, Correctional Officer; (7) John Doe #4, Correctional Officer; (8) John Doe #5, Lieutenant.

11 See ECF No.1, pgs. 3-4. Plaintiff alleges Defendants violated his rights under the Eighth

12 Amendment.  See id. at 6-10.

13             Plaintiff is an inmate at the California Medical Facility. See id., pg. 1.  On January

14 22, 2022, Plaintiff experienced suicidal ideations. See id. at 6. Plaintiff contends that he notified

15 an "IAC/MAC" representative, who then subsequently informed Defendant John Doe #1, the

16 tower correctional officer at the time, of Plaintiff's condition. See id. Plaintiff then alleges that

17 Defendant John Doe #1 walked over and appeared to speak with the floor officers, Defendants

18 Moirara and John Doe #2, for one to two minutes. See id. Plaintiff asserts that he began to block

19 his window in an attempt to draw the officers' attention but no one noticed. See id. Plaintiff

20 waited for approximately five to fifteen minutes, and then proceeded to swallow four bottles of

21 "over-the-counter" medication, including Naproxen, Aspirin, and Benadryl. See id. Plaintiff states

22 that he lost consciousness after fifteen minutes. See id.

23             Plaintiff contends that he woke up approximately one to two hours later. See id. at

24 7. Plaintiff then states that he saw Defendant John Doe #2 standing at his door and requested that

25 he take Plaintiff to receive medical treatment. See id.  Plaintiff alleges that he blacked out and

26 vomited several times while walking to the medical facility. See id.

27 / / /

28 / / /

1    Plaintiff argues that Defendant John Doe #1 was deliberately indifferent to his

2    serious medical needs when he made an intentional decision not to call an emergency code or

3    assign correctional officers to check on Plaintiff, despite knowing that Plaintiff was experiencing

4    suicidal ideations. See id. at 7.

5    Plaintiff also argues that Defendants Moirara and John Doe #2 were deliberately

6    indifferent to his serious medical needs when they made an intentional decision "…to break

7    protocol and deny [Plaintiff] mental health treatment by leaving [Plaintiff] in [his] cell to act on

8    the suicidal ideations…." See ECF No.1. at 8.

9    Plaintiff contends that he was told later that several officers, including Defendants

10   Lively, Moirara, John Doe #2, John Doe #3, and John Doe #4, opened Plaintiff's cell door and

11   left him unresponsive on his bed for an unknown amount of time. See id. Plaintiff argues that the

12   above-mentioned Defendants should have called for an emergency extraction once they found

13   Plaintiff unresponsive in his cell. See id. Plaintiff specifically argues that Defendant Lively made

14   a deliberate decision to ignore Plaintiff's condition and denied Plaintiff medical treatment or

15   assessment. See id.

16   Next, Plaintiff argues that Defendant John Doe #5 was deliberately indifferent to

17   Plaintiff's serious medical needs when he or she failed to call for medical treatment after being

18   informed of Plaintiff's condition by Defendant Lively. See id. at 9.

19   Last, Plaintiff argues that Defendant Warden Lynch knowingly placed

20   irresponsible officers in positions of authority. See id. at 9-10. Specifically, Plaintiff argues that

21   Defendant Lynch "…placed irresponsible, negligent CO's on the yard and in supervisory roles,

22   which ultimately led to [Plaintiff's] harm and almost loss of life." Id. at 10.

23   In his claim for relief, Plaintiff seeks an immediate transfer to a level three prison,

24   as well as a declaration and apology from Defendants. See id. at 13. Plaintiff also seeks monetary

25   and punitive damages from each Defendant. See id.

26   / / /

27   / / /

28   / / /

1    **B.**     **Procedural History**

2             Plaintiff initiated this action with a pro se complaint in the United States District

3    Court for the Eastern District of California on May 10, 2023. See ECF No. 1. On August 8, 2023,

4    the Court screened the complaint and determined that Plaintiff states a cognizable Eighth

5    Amendment safety claim against Defendants Moirara and Lively.  See ECF No. 11.  The Court

6    determined that Plaintiff fails to state a claim against Defendant Lynch.  See id.  Plaintiff was

7    provided leave to amend.  See id.  After Plaintiff did not file an amended complaint within the

8    time permitted therefor, the Court issued an order directing service as to Defendants Moirara and

9    Lively, see ECF No. 12, and findings and recommendations for dismissal of Defendant Lynch,

10   see ECF No. 17.  Defendant Lynch was dismissed by the District Judge on April 3, 2024.  See

11   ECF No. 23.  Defendants Moirara and Lively filed the pending motion to dismiss on March 8,

12   2024.  See ECF No. 21.

13

14                              **II.  DISCUSSION**

15            In their motion to dismiss, Defendants argue that Plaintiff's complaint fails to state

16   a claim against either Defendant Moreira[1] or Lively. See ECF 21 at 6. Specifically, Defendants

17   argue the complaint fails to allege sufficient facts that would demonstrate that either defendant

18   was aware of a substantial risk of serious harm to Plaintiff. See id. For the reasons discussed

19   below, the Court agrees with Defendants that, as currently pleaded, the complaint is deficient.

20   The Court will, however, recommend that Plaintiff be granted leave to amend to include the

21   additional facts asserted for the first time in his opposition brief.

22            The treatment a prisoner receives in prison and the conditions under which the

23   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

24   and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

25   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

26   of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

27

28            [1]      Defendant Moreira is erroneously named in the complaint as "Moirara."

1    (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

2    Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

3    "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

4    801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

5    two requirements are met: (1) objectively, the official's act or omission must be so serious such

6    that it results in the denial of the minimal civilized measure of life's necessities; and (2)

7    subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

8    inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

9    official must have a "sufficiently culpable mind."  See id.

10    Under these principles, prison officials have a duty to take reasonable steps to

11    protect inmates from physical abuse.  See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir.

12    1982); Farmer, 511 U.S. at 833.  Liability exists only when two requirements are met: (1)

13    objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious

14    harm; and (2) subjectively, prison officials knew of and disregarded the risk.  See Farmer, 511

15    U.S. at 837.  The very obviousness of the risk may suffice to establish the knowledge element.

16    See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).  Prison officials are not liable,

17    however, if evidence is presented that they lacked knowledge of a safety risk.  See Farmer, 511

18    U.S. at 844.  The knowledge element does not require that the plaintiff prove that prison officials

19    know for a certainty that the inmate's safety is in danger, but it requires proof of more than a

20    mere suspicion of danger.  See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Finally, the

21    plaintiff must show that prison officials disregarded a risk.  Thus, where prison officials actually

22    knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk,

23    even if harm ultimately was not averted.  See Farmer, 511 U.S. at 844.

24    Defendants argue "Plaintiff does not allege that Officer John Doe #1 spoke with

25    Defendant Moreira in particular or what Officer John Doe #1 told Defendant Moreira. Thus,

26    Plaintiff fails to allege that Defendant Moreira was aware of Plaintiff's suicide risk before

27    Plaintiff swallowed pills." See ECF No. 21 at 9. That is, Defendants argue Plaintiff's allegations

28    only speculate that Defendant Moreira was aware of Plaintiff's suicide risk. Further, Defendants

1   argue "Plaintiff fails to allege that either Defendant was subjectively aware that Plaintiff had

2   overdosed or otherwise was distressed as Plaintiff laid on his bed." See id. at 11. That is,

3   Defendants argue Plaintiff's allegations do not plausibly assert Defendant Lively was aware of

4   Plaintiff's suicide attempt as Plaintiff only saw Defendant Lively in passing after the event. See

5   id. at 10. Nor does Plaintiff's assertion that Defendants were part of a group of officers that

6   ignored Plaintiff after his overdose, demonstrate Defendants' individual awareness of Plaintiff's

7   condition. See id. Thus, Defendants argue "Plaintiff cannot establish either Defendant's deliberate

8   indifference based on their failure to respond to Plaintiff's overdose." See id. at 11.

9            Plaintiff concedes that he can only speculate that Defendant Moreira was aware of

10   Plaintiff's suicide risk based on his observation of John Doe #1's actions. See ECF No. 25 at 4.

11   Plaintiff, however, alleges new facts in his opposition including that several inmates told

12   Defendant Moreira that Plaintiff was suicidal (see id. at 4-5); Plaintiff was on "Close Custody,"

13   therefore requiring Defendant Moreira to account for Plaintiff's presence verbally (see id.);

14   Defendant Moreira told Defendant Lively that Plaintiff was suicidal (see id. at 5); several pill

15   bottles were in open view (see id.); Defendant Lively ordered John Doe #2 to stand watch at

16   Plaintiff's door (see id.); and Defendants were aware that Plaintiff was upset about not being able

17   to see his son (see id. at 5-6). Plaintiff argues that these new facts show Defendants were aware of

18   Plaintiff's suicide risk and consciously decided to leave Plaintiff in harm's way. See id. at 8.

19            Defendants' argument is persuasive. Considering the facts as plead, Plaintiff fails

20   to allege sufficient facts that would establish a reasonable inference that Defendants subjectively

21   knew of the risk. See Iqbal, 129 S. Ct. at 1949. Further, Plaintiff seems to admit as much in

22   noting that, given his position in his cell and his latter unconscious state, Plaintiff was not privy to

23   Defendants' communications or subjective awareness of Plaintiff's suicide risk. See ECF No. 25

24   at 4. Because Plaintiff merely speculates as to Defendants subjective awareness of that risk,

25   Plaintiff failed allege sufficient facts to state a claim that Defendants disregarded his suicide

26   attempt. See Twombly, 550 U.S. at 555-556. Moreover, even if Defendants were subjectively

27   aware of Plaintiff's suicide ideation, as currently pled, Plaintiff fails to allege sufficient facts to

28   show Defendants disregarded this risk. That is, as currently pled, pleaded, officials took

7

reasonable steps to respond to the risk by removing Plaintiff's window coverings and standing watch outside Plaintiff's door. See ECF No. 1 at 7; Farmer, 511 U.S. at 844. Accordingly, the undersigned recommends granting Defendant's motion to dismiss.  However, given the possibility that Plaintiff's claims can be bolstered by alleging the new facts asserted in his opposition, Plaintiff should be provided an opportunity to amend.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 21, be GRANTED and Plaintiff's complaint be DISMISSED with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 20, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

8